UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RICHARD BORGES,                                              No. 09-12202

Debtor(s).
_____/

Memorandum Re Plan Confirmation
_____

Chapter 13 debtor Richard Borges has proposed a plan whereby he will pay $460.00 per month for 60 months, resulting in a dividend to creditors of about 15%. His former spouse, Cynthia Petrusha, objects. She holds a claim for $114,323.50, awarded her as an equalizing payment by the state family law court before the bankruptcy.

Petrusha has articulated two grounds for objection: that the plan is proposed in bad faith because the case was filed soon after the state court judgment, and that Borges could afford to pay more if he moved to another property. The court finds neither argument persuasive.

Congress has completely overhauled dischargeability provisions in the Bankruptcy Code twice in recent years. The current law is that debts such as that of Petrusha are dischargeable in Chapter 13. The court sees no basis for Petrusha to argue bad faith just because Borges is taking advantage of laws clearly provided by Congress. Nor does the court find the timing of the bankruptcy, after the rendering of a judgment Borges clearly cannot afford to pay, constitutes bad faith.

Borges owns a home in town, and has a long-term, low rent lease on a rural cabin more than an

1

hour from his current home and work.  Petrusha argues that if Borges moved to the cabin, sold his home, and commuted to work he could pay more to his creditors.  There a numerous factual problems with this argument, in that the cabin has no electricity or a reliable water supply and is unsuited for year-round use.  Morevoer, Borges' budget for house payments of $1,600.00 per moth is entirely reasonable.  However, facts aside, Petrusha's argument entirely  inconsistent with current law.

Under pre-2005 law, the court could consider postpetition events in considering plan confirmation.  However, the 2005 amendments made postpetition events irrelevant; confirmation is now a mechanical test based on the prepetition means test figure and the applicable commitment period without regard to postpetition events.  *In re Kagenvamea*,  541 F.3d 868, 871-72 (9th Cir. 2008).  Thus, even if Borges had after filing his Chapter 13 *actually sold his house and moved to the cabin*, as Petrusha urges, he could not be compelled to increase his plan payments.

The court finds that Borges' plan is a lawful, good faith effort to deal with his debts.  Accordingly, Petrusha's objection will be overruled and the plan confirmed.  Counsel for Borges shall submit an appropriate form of order.

Dated:  January 8, 2010


Alan Jaroslovsky
U.S. Bankruptcy Judge

2