UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RICHARD J. BORGES,                                              No. 09-12202

                Debtor(s).
_____/

Memorandum Re Entry of Chapter 13 Discharge
_____

      Three days before debtor Richard Borges filed his Chapter 13 petition, the state family law court entered an order requiring Borges to make an equalizing payment to his former spouse, Cynthia Borges Petrusha, of $114,332.40 to compensate her for her share of community property. The state court also ordered Borges to pay Petrusha $800.00 per month in spousal support and ordered that "[w]hen the equalizing payment is paid, spousal support will terminate."

      Five years later, Borges has completed his plan. Section 1328(a) of the Bankruptcy Code requires that the court grant his discharge as soon as he files a certificate that his domestic support obligations are current, and he has done so. However, Petrusha has filed an objection to entry of the discharge, arguing that (1) $3,000.00 in attorney's fees awarded to her by the state court before bankruptcy have not been paid, (2) she is still owed $95,509.39 of the equalizing payment, and (3) that Borges "refuses to cooperate in a restructured situation to alleviate monthly obligations" of Petrusha. The court has no problem overruling the objection, as (2) and (3) are not domestic support obligations and Petrusha did not claim the $3,000.00 as anything more than a general unsecured claim and it is too

1

late now for her to argue that it was in fact a priority support claim.

Petrusha did not appear at the hearing to prosecute her objection, and the court would overrule it without comment except for one argument made by Borges: **"Upon discharge, the equalizing payment is discharged and Debtor is relieved of ongoing spousal support."** While it is not appropriate for the court to adjudicate the issue in this context, the court is in no way convinced that Borges is correct. While it is true that Borges' obligation to pay the equalizing payment is to be discharged, "discharged" does not mean "paid" or "satisfied." A discharge only extinguishes personal liability on a debt and does not constitute payment or satisfaction of that debt. See *In re Pecora*, 297 B.R. 1, 3 (Bankr. W.D.N.Y.2003) (citing *Dewsnup v. Timm*, 502 U.S. 410 (1992); *Johnson v. Home State Bank*, 501 U.S. 78 (1991)); see also *Arruda v. Sears, Roebuck & Co.*, 273 B.R. 332, 350 (D.R.I.2002) (noting that bankruptcy discharge does not eliminate the debt but discharges only the personal obligation to pay it), aff'd, 310 F.3d 13 (1st Cir.2002). See also § 553(a) of the Bankruptcy Code, which allows setoff of a discharged debt.

Moreover, the state family law court determined that Petrusha needed support until she received her equalizing payment. If nothing has changed, she still has that need regardless of whether Borges' failure to make the equalizing payment was because of his willfulness, his inability, or discharge of his obligation to pay it.

For the foregoing reasons, Petrusha's objection to entry of Borges' discharge will be overruled. However, overruling the objection will be without prejudice to the rights of both Petrusha and Borges to argue, in an appropriate context, that Borges is or is not excused from his ongoing obligation to pay support to Petrusha. Counsel for Borges shall submit an appropriate form of order which so provides.

Dated: August 6, 2014

                                             Alan Jaroslovsky
                                             Chief Bankruptcy Judge